**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guerrero Cervantes-Anaya, et al., | No. CV-23-08061-PCT-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| Frank Britt, et al., | |
| Defendants. | |

Before the Court is Defendant Penske Truck Leasing Company LP and Penske Truck Leasing Corporation's (collectively, "Defendants" or "Penske") Motion for Attorney Fees and Expenses (Doc. 82). The Motion follows this Court's Order for summary judgment in favor of Defendants (Doc. 79). Plaintiff Guerrero Cervantes-Anaya filed a brief in opposition (Doc. 88), and Defendants filed a Reply (Doc. 89). After reviewing the briefing and the relevant case law, the Court will **deny** Defendants Motion (Doc. 82).

## I.  BACKGROUND

The Court set out the factual background of this case in its Order on summary judgment (Doc. 79). That background is repeated here for ease of reference.

This is a personal injury action arising from an automobile accident between two motor vehicles traveling along State Route 337 near Holbrook, Arizona. (Doc. 1-5 at 12–13.) On November 29, 2020, Frank Britt, an employee of S&M Relo, LLC ("S&M Relo") (Doc. 45 at 3), was driving a moving truck owned by Defendants. (Doc. 1-5

at 12–13.)  After Britt failed to brake in time, he rearended a vehicle driven by Plaintiff, which contained passengers Isael Cervantes-Carrillo and Marion Rodriguez Cervantes. (Doc. 44-2 at 6.)   Neither party reported injuries requiring medical attention to the responding police officer, and both vehicles were in operable condition.  (*Id.*)

Plaintiff initially filed suit against Penske, Britt, and SA Transportation, LLC in Navajo County, Arizona alleging negligence and negligence per se.  (Doc. 1-5 at 10–16.) Defendants then removed the case to this Court.  (Doc. 1.)  Plaintiffs claimed negligence under three theories: (1) Britt acted as an authorized agent of Penske (Doc. 1-5 at 10–16 ¶ 21, ¶ 26); (2) Penske owed a duty to Plaintiffs to properly maintain the moving truck (*Id.* ¶ 27); and (3) Penske owed a duty to Plaintiffs when it "hir[ed] and contract[ed] with commercial vehicle operators and drivers including . . . Britt."  (*Id.*)

On March 27, 2024, Plaintiff motioned to amend their complaint to substitute S&M Relo, LLC as a defendant in place of SA Transportation, LLC. (Doc. 48.)  The Court denied the motion as untimely.  (Doc. 57.)  Additionally, on April 8, 2024, the Court granted Defendants' Motion to Dismiss Britt as a Defendant in this case. (Doc. 66.)  Penske later moved for summary judgment and this Court granted the Motion. (Doc. 79.)  Now, Penske moves for an award of attorney fees and expenses pursuant to Arizona Revised Statute § 12-349 (Doc. 82).

## II.    LEGAL STANDARD

Section 12-349(A)(1) provides in relevant part:

A. [T]he court shall assess reasonable attorney fees, expenses and, at the court's discretion, double damages . . . against an attorney or party . . . if the attorney or party does any of the following:

1. Brings or defends a claim without substantial justification.

2. Brings or defends a claim solely or primarily for delay or harassment.

3. Unreasonably expands or delays the proceeding.

4. Engages in abuse of discovery.

. . . .

F. For the purposes of this section, "without substantial justification" means that the claim or defense is groundless and is not made in good faith.

§ 12-349(A), (F).  "Because the statute imposes a mandatory duty upon the occurrence of specified events, courts must issue an award of attorney fees whenever an attorney or party is proven, by a preponderance of the evidence, to have engaged in the enumerated conduct." *Ariz. Republican Party v. Richer*, 547 P.3d 356, 361 (Ariz. 2024) (citing *Phx. Newspapers, Inc. v. Dep't of Corr.*, 934 P.2d 801, 807–08 (Ariz. Ct. App. 1997)).  When issuing a fees award under § 12-349, a court must "set forth the specific reasons for the award."  Ariz. Rev. Stat. § 12-350.

## III.    DISCUSSION

Defendants argue that Plaintiff's failure to adduce evidence in this case is grounds for a fee award under Arizona Revised Statute § 12-349.  (Doc. 82 at 2.)  Defendants further contend that this action was "brought against Penske without substantial justification" and that "an objective review of the case indicates it was clearly groundless."  (Doc. 82 at 3–4.)

In response, Plaintiff first asserts that Defendants failed to comply with Local Rule of Civil Procedure 54.2(d)(1)–(4).  (Doc. 88 at 2–3.)  Then, Plaintiff argues that awarding fees under § 12-349 is inappropriate because his claim was (1) not groundless and (2) brought in good faith.  (*Id.* at 4–5.)  Plaintiff also contends his change of counsel at a crucial moment in his case should weigh against awarding fees.  (Doc. 88 at 8.)[1]

To obtain fees under § 12-349(A) & (F), the moving party must show groundlessness and the absence of good faith.  Apropos of groundlessness, the Arizona Supreme Court explained that the term is synonymous with "frivolous."  *Arizona Republican Party*, 547 P.3d at 362.  Further, a "claim is groundless if the proponent can present no rational argument based upon the evidence or law in support of that claim."  *Id.* (internal quotation marks omitted).  Tempering that position, however, the court guided that a claim is not groundless it is "fairly debatable," even where it constitutes a "long shot."  *Id.* (quoting *Johnson v. Mohave County*, 78 P.3d 1051, 1056 (Ariz. Ct. App. 2003); *Goldman v. Sahl*, 462 P.3d 1017, 1036 (Ariz. Ct. App. 2020)).  "In other words, a claim

---

[1]  Because the Court ultimately denies Defendants' fee request, the Court will not address Defendants' Local Rule violations.

may lack winning merit without being sufficiently devoid of rational support to render it groundless." *Id.* Finally, "[w]hether a claim is groundless is viewed through an objective lens, without regard to the attorney's or party's subjective beliefs." *Id.*

The facts, legal theories, and behind-the-scenes procedural issues position this case as the quintessential "long shot." *See id.* Regarding the procedural matters, on January 22, 2024, this Court issued an Order designating Plaintiff's current counsel as counsel of record in this case. That same day, Defendants filed their Motion for Summary Judgment. (Doc. 33.) Thereafter, Plaintiff, under new counsel, moved to amend his Complaint, which this Court denied. (Doc. 48.) All the while, Plaintiff's nascent counsel defended against the Motion for Summary Judgment. (*See* Doc. 44 (Plaintiff's Response).) After the briefing on that Motion was complete, the Court granted summary judgment in favor of Defendants. (Doc. 79.) Because Plaintiff's new counsel was immediately tasked with putting together a defense to Plaintiff's Motion for Summary Judgment, there is little surprise that the Response lacked heaps of factual matter to keep this case afloat. (*See* Doc. 44; Doc. 45 (Plaintiff's Controverting Statement of Facts).) In this case, the lack of facts alone ought not support a showing of groundlessness, as it shows the effectiveness of Plaintiff's new counsel, not counsel's objective failure to present a rational argument. *See Arizona Republican Party*, 547 P.3d at 362.

The facts and legal theories asserted in this case, albeit unsuccessful, were not groundless. The facts here are that former Defendant Frank Britt rearended Plaintiff while driving a Penske moving truck. (Doc. 1-5 at 12–13.) Therefore, Plaintiff sued the driver, Mr. Britt, the leasing company, and Penske. The rational argument for suing Defendants at the inception of this case is self-evident: the accident involved a driver in a *Penske-brand* moving truck. With respect to the legal theories, Plaintiff asserted Defendants were liable under negligent entrustment, failure to warn of a material defect, and an agency theory that posited former Defendant Frank Britt as the agent of Penske. (Doc. 79 at 4–8.) Discussing these theories, the Court found that Plaintiff had not produced enough factual material to put his claims in dispute to survive summary judgment. (*Id.*) As a result, the Court found

the facts that Plaintiff did offer failed to throw material facts into dispute such that the claims ought to proceed to trial. (*See id.*)

Plaintiff's claims lacked "winning merit" but were not devoid of rational support based upon the evidence and law to render it groundless. *See Arizona Republican Party*, 547 P.3d at 362.[2] Therefore, the Court finds that Plaintiff's claims were not groundless. Because Defendants' have not shown that Plaintiff's claims are groundless, they will likewise fail to show that the claims were not made in good faith. *See id.* at 367 ("[A] claim . . . is 'not made in good faith' if (1) it is groundless and (2) the party or attorney knows or should know that it is groundless or is indifferent to its groundlessness, but pursues it anyway.").

## IV.    CONCLUSION

**IT IS HEREBY ORDERED denying** Defendants' Motion for Attorney Fees and Expenses (Doc. 82).

Dated this 11th day of April, 2025.

Honorable Susan M. Brnovich
United States District Judge

---

[2]  Defendants note that they seek fees against Plaintiff's former and current counsel for "maintaining a lawsuit with no good faith basis to do so." (Doc. 89 at 5.)  The Court has already spoken on current counsel.  As to Plaintiff's predecessor counsel, the Court will not find that Defendants are entitled to fees because Plaintiff's former counsel has not been heard on the instant Motion.